JOHANN KUSCHELL ET AL. v. GREGORY J. CAMPAU.

*Lease—Chattel mortgage security.*

A clause in a lease, stipulating by way of securing the payment of rent, that "all goods, wares and merchandise, household furniture, fixtures or other property which are or shall be placed in or on said premises by them, shall be liable, and this lease shall constitute a lien or mortgage on said property," does not cover the dwelling house upon the premises.

General terms in a clause describing property encumbered thereby are limited to the class of property specified.

Error to Wayne. Submitted June 21. Decided June 27.

TRESPASS. Defendants bring error. Affirmed.

*William S. Thomas* and *Henry M. Cheever* for appellants. A house erected on a leased lot is personal property: 1 Washb. R. P. 133; *Smith v. Benson* 1 Hill 176; *Goodenow v. Allen* 68 Me. 308; and where parties treat fixtures as personal property, the law will so consider them as between such parties: *Ford v. Cobb* 20 N. Y. 344; *Tifft v. Horton* 53 N. Y. 377; *Godard v. Gould* 14 Barb. 662; *Shell v. Haywood* 16 Penn. St. 523; *Hensley v. Brodie* 16 Ark. 511; *Gooding v. Riley* 50 N. H. 400; personalty is not merged in realty where there is no unity of title: *Adams v. Lee* 31 Mich. 440; *Kerr v. Kingsbury* 39 Mich.

150; one who gives a chattel mortgage on fixtures is estopped from denying that they are personalty: *Smith v. Waggoner* 50 Wis. 155; *Denham v. Sankey* 38 Ia. 269.

*Wilkinson, Post & Wilkinson* for appellee.

MARSTON, J. Plaintiffs brought an action of trespass to recover damages for the taking and removing a part of their dwelling-house from off lands owned by them.

The defendant's claim of right to remove the same was based upon a chattel mortgage clause in a lease of a certain other lot upon which this house then stood, to secure payment of the rent.

Giving this so-called mortgage full force and effect, still the defendants had no right to this house thereunder, for the very good reason that this house was not included therein. The parties agreed that " all goods, wares and merchandise, household furniture, fixtures or other property which are or shall be placed in or on said premises by them, shall be liable, and this lease shall constitute a lien or mortgage on said property," etc.

The general terms herein used are restrained and limited to the particular kinds of property mentioned immediately preceding. This is a well-settled rule of construction, applicable alike to contracts and statutes, and is decisive of the present controversy.

The judgment must be affirmed with costs.

The other Justices concurred.